TO THE PETITION OF COUNSEL FOR APPELLEE FOR A REHEARING
JUDGE COFER
DELIVERED THE FOLLOWING RESPONSE OF THE COURT:
We merely refer by way of response to the petition of appellee’s counsel for a rehearing to Agnus v. Dalton, American Law Beg., October, 1878, in which Chief Justice Cockburn reviews at great length and with singular ability the whole doctrine of easements by prescription, including that of ancient lights, as established by the adjudications in England. In that opinion the learned judge, after referring to the provisions of the French and Italian codes, fixing thirty years as the period of prescription, and that in all other cases the right can only be founded in positive proof of title unless arising from the disposition of a common owner, declares his own opinion of the English rule in this emphatic language, viz; “Thus fictitious presumptions, with us the arbitrary *17 creation of the courts, and repugnant at once to common sense and the consciences of the judges and juries, are altogether got rid of.”
Again he says: “At first to raise this presumption it was required that the user should be carried back as far as living memory would go; but after the statute of James (limiting the time of bringing a possessory action to twenty years) user-was, here again without any warrant of legislative authority, and by the arbitrary ruling of the judges, held to be sufficient to raise this presumption of a lost grant, and juries were directed so to find in cases in which no one had the faintest belief that any grant had ever existed, and where the presumption was known to be a mere fiction. Well might Sir W. D. Evans, while admitting the utility of this doctrine, say that its introduction “ was a perversion of legal principles and an unwarrantable assumption of authority.”
The courts of this country have with great unanimity determined not to be guilty of these unwarranted assumptions so severely arraigned by the chief justice of the country where they originated, as repugnant to common sense, as perversions of legal principles, and unwarranted assumptions of authority.
They have not heretofore obtained judicial sanction in this state, and being well satisfied that they are not warranted, we must decline to sanction them now, and leave the legislature to enact measures for ripening the indulgence of one person in permitting another to enjoy light and air coming across his land into an absolute right, if in its wisdom it believes such a rule ought to exist.
Petition overruled.